IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

　　　　　　　　　Plaintiff,

　　v.

MCKALA NITZKE and PATRICK MURPHY,

　　　　　　　　　Defendants.

OPINION and ORDER

25-cv-574-jdp

---

ROBERT EARL ALEXANDER,

　　　　　　　　　Plaintiff,

　　v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

　　　　　　　　　Defendant.

OPINION and ORDER

26-cv-59-jdp

---

Plaintiff Robert Alexander, proceeding without counsel, is a prisoner at Dodge Correctional Institution. In case no. 25-cv-574-jdp, Alexander alleges that the prison medical staff prevented him from attending an offsite cancer screening. '574 case, Dkt. 23. In case no. 26-cv-59-jdp, Alexander alleges that the Wisconsin Department of Corrections has refused to communicate with him in writing to accommodate his inability to hear and speak. '59 case, Dkt. 14.

Alexander has filed motions for preliminary injunctions in both cases. In the '574 case, Alexander says that prison staff are still preventing him from attending offsite cancer treatment appointments, and he asks for an injunction requiring prison staff to take him to those appointments. '574 case, Dkt. 34. In the '59 case, he asks for an injunction requiring prison

staff to communicate with him in writing. '59 case, Dkt. 7; Dkt. 12; Dkt. 13. I ordered defendants to respond to both preliminary injunction motions.

Defendants have now filed a motion explaining that they cannot respond to the preliminary injunction motions because Alexander has refused to sign medical authorization forms allowing them to access relevant medical records. '574 case, Dkt. 34 and '59 case, Dkt. 21. This order addresses the medical authorization form issue, as well as multiple motions filed by Alexander.

## A.  Medical authorization form

Defendants have asked Alexander to sign a medical records authorization form so that defendants can obtain medical records that they need to respond to Alexander's preliminary injunction motions. '574 case, Dkt. 39-1. Alexander refused to sign the authorization forms, telling defendants' counsel that the form was "vague," '574 case, Dkt. 36, at 3, and that "there are certain records I oppose to release." '574 case, Dkt. 36-1, at 11. Defendants now move for an order authorizing HIPAA-covered entities to turn over Alexander's medical records and they also ask for an extension of time to respond to the preliminary injunction motions. '574 case, Dkt. 34 and '59 case, Dkt. 21.

Alexander will have to turn over relevant medical records if he wishes to obtain preliminary relief or otherwise proceed with his cases. But I will not compel him to turn over any medical records, nor will I issue an order allowing defendants to access his medical records without his authorization. If Alexander would rather maintain the privacy of his medical information, he is free to do so. But it would be unfair to defendants to defend against Alexander's claims without access to the relevant medical information. Alexander's choice is

either to share the relevant information with defendants or to have his preliminary injunction motions denied, and ultimately, his cases dismissed.

But the key word here is relevant. Alexander doesn't have to sign an unreasonably broad authorization allowing for access to medical information unlikely to be relevant. Defendants have asked Alexander to sign an authorization for essentially his entire medical file, including psychological and psychiatric records, alcohol and drug treatment records, and HIV or AIDS test results. '574 case, Dkt. 39-1, at 6–8. Defendants do not explain why they need access to such a broad range of information, and I can see no reason why such information would be relevant to Alexander's claims about his cancer treatment and his communication difficulties.

Defendants should make another effort to obtain an authorization from Alexander, which should be limited in scope to information relevant to Alexander's claims and his motions for preliminary injunctions. The motions for an extension of time to respond to the preliminary injunction motions are granted. Defendants should inform the court promptly, but no later than June 22, 2026, that they have obtained a medical authorization from Alexander. If Alexander continues to refuse, defendants have until June 22 to file an opposition brief to Alexander's preliminary injunction motions based on his failure to sign a medical authorization. If Alexander signs the authorization, defendants will have seven days from when he signs the authorizations to respond to the preliminary injunction motions. Alexander will then have 14 days to reply.

## B.  Alexander's motions

Alexander's other pending motions fall into five categories.

First, Alexander moves to hold the preliminary pretrial conference in the '574 case in person at the courthouse instead of telephonically, because Alexander cannot communicate by

telephone. '574 case, Dkt. 30. I will deny that motion as moot, because Magistrate Judge Boor already cancelled the telephonic conference and instead ordered the parties to respond in writing about potential trial dates. '574 case, Dkt. 31.

Second, Alexander moves to file an amended complaint in the '574 case. '574 case, Dkt. 29. I will deny that motion without prejudice because Alexander doesn't say how he wants to amend his complaint, nor does he submit a proposed amendment.

Third, Alexander has filed multiple motions in the '574 case asking the court to order prison staff to communicate with him in writing, because Alexander cannot hear or speak. '574 case, Dkt. 29; Dkt. 32; Dkt. 37. I will deny those motions because they are not related to Alexander's claims in that case. Alexander is proceeding on claims about prison staff's refusal to communicate with him in writing in the '59 case, and I have already ordered the defendants in that case to respond to Alexander's request for a preliminary injunction related to that issue. Alexander should not file any further motions in the '574 case about prison staff's refusal to communicate with him in writing. If he does file any such motions, I will summarily deny them.

Fourth, and relatedly, Alexander says that he has not been receiving certain legal mail because defendants have refused to communicate with him about his legal mail in writing. '574 case, Dkt. 37; '59 case, Dkt. 18. Alexander acknowledges that staff have been complying with my previous order to inform him when he receives mail from this court by showing him a sign that reads: "You have received mail from the United States District Court for the Western District of Wisconsin. Please report to the mailroom." But he says that prison staff are not telling him when he gets mail from the Wisconsin Department of Justice related to his pending cases. And he says that once he goes to the mailroom to retrieve his mail from this court, staff

there will not communicate with him in writing, which sometimes prevents him from getting his mail.

I will deny Alexander's motion as moot because my recent order in the '59 case, Dkt. 16, addresses his concerns, and it applies to all of Alexander's pending cases. For clarity, I will repeat that order here and I also will order the clerk of court to file a copy of this order in case no. 22-cv-178-jdp. Prison staff must tell Alexander in writing when he receives legal mail from either this court or the Wisconsin DOJ related to his pending cases. And prison staff must provide Alexander with any legal mail he receives from this court or from the Wisconsin DOJ about any of his pending cases. That means that they must ensure that not only does he know that he has legal mail in the mailroom, but that he is able to actually retrieve his legal mail from the mailroom.

Fifth, Alexander asks for a court order to compel DCI law librarians to e-file his last three motions "and to return [his] legal paperwork immediately." '574 case, Dkt. 40; '59 case, Dkt. 19. I will deny these motions because Alexander doesn't say what motions the law librarians have not filed or what paperwork they have taken from him. The court has received multiple motions from Alexander in the last several weeks, so it does not appear that prison librarians are refusing to e-file documents for him. But I will order the clerk of court to send Alexander a copy of the docket sheet in both the '574 case and the '59 case so that Alexander can make sure that his motions have been filed.

ORDER

IT IS ORDERED that:

1. Defendants' motions for a HIPAA-qualified protective order, '574 case, Dkt. 38 and '59 case, Dkt. 21, are DENIED.

2. Defendants' motions for an extension of time to respond to the preliminary injunction motion, '574 case, Dkt. 38 and '59 case, Dkt. 21, are GRANTED. Defendants should make another effort to obtain a medical authorization form from Alexander, which should be limited in scope to information relevant to Alexander's claims and his motions for preliminary injunctions. Defendants should inform the court promptly, but no later than June 22, 2026, that they have obtained a medical authorization from Alexander. If Alexander refuses to sign the medical authorization, defendants have until June 22 to file an opposition brief to Alexander's preliminary injunction motion based on his failure to sign. If Alexander signs the authorization, defendants have seven days from when he signs it to respond to the preliminary injunction motion. Alexander will then have 14 days to reply.

3. Alexander's motion to hold the preliminary pretrial conference in person, '574 case, Dkt. 30, is DENIED as moot.

4. Alexander's motion to file an amended complaint, '574 case, Dkt. 29, is DENIED without prejudice.

5. Alexander's motions for an order requiring prison staff to communicate with him in writing, '574 case, Dkt. 29, Dkt. 32, and Dkt. 37, are DENIED.

6. Alexander's motion regarding his legal mail, '574 case, Dkt. 37 and '59 case, Dkt. 18, are DENIED as moot. My previous order in the '59 case, Dkt. 16, applies to all of Alexander's pending cases as follows: Prison staff must tell Alexander in writing when he receives legal mail from either this court or the Wisconsin DOJ related to his pending cases. And prison staff must provide Alexander with any legal mail he receives from this court or from the Wisconsin DOJ about any of his pending cases. That means that they must ensure that not only does he know that he has legal mail in the mailroom, but that he is able to actually retrieve his legal mail from the mailroom.

7. Alexander's motions to compel the law librarians to e-file his motions and to return his legal paperwork, '574 case, Dkt. 40 and '59 case, Dkt. 19, are DENIED.

8. The clerk of court is directed to file a copy of this order in case no. 22-cv-178-jdp.

9.  The clerk of court is directed to send Alexander a copy of the docket sheet in both 25-cv-574 and 26-cv-59 with this order.

Entered June 12, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge