IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

                     Plaintiff,

   v.

MCKALA NITZKE and PATRICK MURPHY,

                    Defendants.

OPINION and ORDER

25-cv-574-jdp

---

ROBERT EARL ALEXANDER,

                     Plaintiff,

   v.

WISCONSIN DEPARTMENT OF CORRECTIONS,

                    Defendant.

OPINION and ORDER

26-cv-59-jdp

---

Plaintiff Robert Alexander, proceeding without counsel, is a prisoner at Dodge Correctional Institution. In case no. 25-cv-574-jdp, Alexander alleges that prison medical staff prevented him from attending an offsite cancer screening. '574 case, Dkt. 23. In case no. 26-cv-59-jdp, Alexander alleges that the Wisconsin Department of Corrections has refused to communicate with him in writing to accommodate his inability to hear and speak. '59 case, Dkt. 14. This order addresses Alexander's refusal to sign medical authorization forms for records relevant to his motions for preliminary relief. It also addresses three other motions filed by Alexander.

**A. Medical authorization forms**

Alexander has filed motions for preliminary relief in both cases. In the '574 case, Alexander says that prison staff are still preventing him from attending offsite cancer treatment

appointments, and he asks for an injunction requiring prison staff to take him to those appointments. '574 case, Dkt. 34. In the '59 case, he asks for an injunction requiring prison staff to communicate with him in writing. '59 case, Dkt. 7; Dkt. 12; Dkt. 13. I ordered defendants to respond to both motions.

Before responding to Alexander's motions, defendants asked Alexander to sign medical authorization forms for both cases so that they could access relevant medical records. Alexander refused to sign the forms, so defendants moved for a court order requiring Alexander to turn over his medical records. I denied that motion and ordered defendants to narrow the scope of the medical authorization forms to encompass only relevant records and to make another attempt to obtain Alexander's signature. I also warned Alexander that if he refused to turn over relevant medical records, I would deny his motions for preliminary relief. '574 case, Dkt. 41 and '59 case, Dkt. 22.

Defendants now say that Alexander is still refusing to turn over relevant medical records, and they ask that his motions for preliminary relief be denied on that basis. '574 case, Dkt. 44 and '59 case, Dkt. 28. Defendants explain that they provided Alexander with revised medical authorization forms, which are now limited to records from 2019 and later, and which now exclude psychological records and drug and alcohol treatment records. *See* '574 case, Dkt. 45-1 and '59 case, Dkt. 29-1. Defendants argue that the revised forms are adequately tailored to the issues in Alexander's cases. And they assert that further tailoring is not possible because the DOC's electronic medical records system cannot filter by specific medical conditions.

In response, Alexander raises two issues. First, he emphasizes that his motions for preliminary relief are related to the DOC's failure to provide him with adequate treatment for

2

life-threatening cancer, and he says that he is not sure whether I have considered the serious and imminent danger that he faces without this treatment. I do appreciate the seriousness of Alexander's medical needs, which is why I have asked defendants to respond to his motions on an expedited schedule. But I also have to give defendants a full opportunity to be heard. If Alexander continues to prevent defendants from accessing relevant medical records, then I cannot grant him relief, regardless of the seriousness of his allegations.

Second, Alexander says that he believes the scope of the medical authorization form is still too broad, but he doesn't identify any specific portions to which he objects. Instead, he says that he would "like the court to decide what PHI/medical records are relevant and whatever the court decides [he] will happily sign that authorization form." '574 case, Dkt. 49 and '59 case, Dkt. 34.

I conclude that defendants' revised medical authorization forms are adequately tailored to the records likely to be relevant to Alexander's cases and his motions for preliminary relief. Because Alexander indicates that he is willing to sign, I will give him one more chance to do so before denying his motions for preliminary relief. Upon receipt of this order, defendants should promptly provide Alexander with a copy of the revised medical authorization forms along with this order. Within four days, defendants should submit a status update informing the court whether Alexander has signed the forms. If Alexander does sign, defendants will then have seven days from when he signs to respond to the motions for preliminary relief. If Alexander still refuses to sign, I will deny his motions for preliminary relief without further comment.

## B.  Alexander's other motions

There are three other pending motions.

3

First, Alexander asks the court to deny defendants' request for a motion for an extension of time to respond to his preliminary relief motions.'59 case, Dkt. 27. I already granted the motion for an extension of time, so that motion will be denied as moot.

Second, Alexander asks for an order requiring HSU manager Amy Radcliffe to submit a sworn declaration explaining why she believes Alexander can be transported to medical appointments in a regular prison van as opposed to a medical transport van. '574 case, Dkt. 47. I will deny that motion. Alexander's request is related to his motion for preliminary relief in the '574 case. But if I need additional factual development related to that motion, I will ask for it after I review defendants' response to the motion. As for Alexander, if he wants discovery from the defendants, he will have to obtain it through normal discovery procedures.

Third, Alexander asks that I revise the caption of the '59 case to "Robert Earl Alexander vs. Amy M. Radcliffe" instead of "Robert Earl Alexander vs. Department of Corrections," because Alexander named Radcliffe as the defendant in his complaint. '59 case, Dkt. 32. But as I told Alexander in my screening order, the proper defendant for a Rehabilitation Act claim is the Department of Corrections, not individual prison staff members. '59 case, Dkt. 14. The caption identifies the proper defendant, so I will deny Alexander's motion to revise it.

ORDER

IT IS ORDERED that:

1. Defendants should promptly provide plaintiff Robert Alexander with a copy of the revised medical authorization forms along with this order. By July 24, 2026, defendants should submit a status update informing the court whether Alexander has signed the forms. If Alexander does sign, defendants will then have seven days from when he signs to respond to the motions for preliminary relief. If Alexander still refuses to sign, I will deny his motions for preliminary relief without further comment.

2. Alexander's motion asking me to deny defendants' motion for an extension of time, '59 case, Dkt. 27, is DENIED as moot.

3. Alexander's motion for an order requiring HSU manager Amy Radcliffe to submit a sworn declaration, '574 case, Dkt. 47, is DENIED.

4. Alexander's motion to revise the caption, '59 case, Dkt. 32, is DENIED.


Entered July 20, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge

5