IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

---

ROBERT EARL ALEXANDER,

Plaintiff,

v.

MCKALA NITZKE and PATRICK MURPHY,

Defendants.

OPINION and ORDER

25-cv-574-jdp

---

Plaintiff Robert Alexander, proceeding without counsel, is a prisoner at Dodge Correctional Institution. Alexander is proceeding on Eighth Amendment medical care claims against two prison staff members at Oshkosh Correctional Institution, where he was incarcerated until August 2025. Alexander alleges that in May 2025, defendants prevented him from attending an offsite PET scan, which had been recommended by his oncologist after preliminary screening showed that his stage III throat cancer had returned. Dkt. 23.

In June 2026, Alexander filed a motion for a preliminary injunction, alleging that prison staff, this time at Dodge Correctional Institution, had prevented him from attending another cancer screening appointment. Dkt. 34. I ordered defendants to respond to the motion. In their response, defendants submitted medical records showing that Alexander received a PET scan in July 2025, which revealed that he is cancer-free. Dkt. 59-1, at 12. Defendants argue that this fact, which Alexander failed to disclose to the court, dooms his preliminary injunction motion. They also ask that I sanction Alexander for filing a frivolous motion.

I will deny Alexander's preliminary injunction motion because the evidence that defendants submitted demonstrates that his request is unrelated to the underlying claims in

this case. I will also order Alexander to show cause why I should not sanction him for failing to disclose that he had a PET scan in July 2025 showing that he was cancer free.

## A. Preliminary injunction motion

The main purpose of a preliminary injunction is "to preserve the relative positions of the parties until a trial on the merits can be held." *University of Texas v. Camenisch*, 451 U.S. 390, 395 (1981). That means that the preliminary relief sought must relate to the claims pending in the underlying lawsuit. *See Pacific Radiation Oncology, LLC v. Queen's Medical Center*, 810 F.3d 631, 636 (9th Cir. 2015) (there must be "a sufficient nexus between the claims raised in a motion for injunctive relief and the claims set forth in the underlying complaint itself. The relationship between the preliminary injunction and the underlying complaint is sufficiently strong where the preliminary injunction would grant relief of the same character as that which may be granted finally."). A motion for preliminary injunction is not a vehicle to pursue entirely new claims for relief.

The relationship between Alexander's claims and his motion for a preliminary injunction was tenuous from the start. Alexander's claims are that defendants Nitzke and Murphy prevented him from attending an offsite cancer screening in May 2025. His motion for a preliminary injunction is about other prison staff at a different institution preventing him from attending an offsite cancer screening more a year later. Nevertheless, I ordered defendants to respond to the preliminary injunction motion because there was a connecting thread between the complaint and the request for preliminary relief. In the complaint, Alexander said that his oncologist had determined that his stage III cancer had returned, but that defendants had failed to provide him with appropriate follow-up care. His preliminary injunction motion implied that he still had not received that follow-up care more than a year later. If true, that

would be a serious dereliction of the prison's obligation to provide Alexander with adequate medical care for a potentially life-threatening illness.

The new information that defendants provided along with their response brief severs any potential connection between Alexander's underlying claims and his request for a preliminary injunction. Alexander's medical records show that he received the PET scan that his oncologist had recommended on July 11, 2025, less than a week after Alexander filed his complaint in this case. Dkt. 59-1, at 12. The PET scan showed that Alexander's cancer had not returned, and the oncologist who reviewed the scan did not order any follow-up other than regular primary care. *Id.* That means that as of July 2025, Alexander did not need any additional follow-up care in response to the cancer scare he experienced that spring.

The July 2025 PET scan doesn't necessarily call into question Alexander's allegations about his current health. In his June 2026 motion for a preliminary injunction, Alexander said that he has a painful lump in his throat, "possibly a tumor," and that he is experiencing a "burning feeling and numbness inside and out-side around the upper and bottom lips." Dkt. 34, at 2. Alexander was referred to otolaryngology for an evaluation, but he missed his appointment on June 2, 2026, and neither side explains whether that appointment was rescheduled. But these issues, regardless of how serious they may be, are not related to the spring 2025 cancer scare at issue in this lawsuit, because it is clear from the July 2025 PET scan that Alexander did not have cancer at that time. I will deny the motion for a preliminary injunction. If Alexander wants to pursue claims based on his medical treatment in 2026, he will have to bring a new lawsuit.

3

**B. Sanctions**

In their response brief to Alexander's preliminary injunction motion, defendants ask me to sanction Alexander for failing to disclose the July 2025 PET scan that revealed that he was cancer-free. The court has inherent authority to sanction a party who has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018). Dismissal of the entire case may be an appropriate sanction if a plaintiff has "abused the judicial process by seeking relief based on information that the plaintiff knows is false." *Secrease v. W. & S. Life Ins. Co.*, 800 F.3d 397, 401 (7th Cir. 2015); *see also Ayoubi v. Dart*, 640 F. App'x 524, 528–29 (7th Cir. 2016) ("[D]ismissal with prejudice is an appropriate sanction for lying to the court in order to receive a benefit from it, because no one needs to be warned not to lie to the judiciary.").[1] Dismissal is also appropriate if a plaintiff intentionally fails to disclose key facts necessary to make his affirmative statements not misleading. *See Greyer v. Illinois Dep't of Corr.*, 933 F.3d 871, 877–78 (7th Cir. 2019).

Here, Alexander failed to disclose the results of his July 2025 PET scan. In his complaint, dated July 6, 2025, Alexander alleged that an oncologist had recently told him that his stage III cancer had returned. Dkt. 1, at 3. But less than a week later, on July 11, 2025, Alexander received the PET scan showing that his cancer had not in fact returned, and a physician discussed the results with him four days later. Dkt. 59-1, at 12. That new information rendered the complaint misleading, because the complaint implied that Alexander had stage

---

[1] Alexander knows the consequences of lying to the court from previous experience. In 2024, I dismissed one of his lawsuits after finding that he lied about prison staff misconduct to avoid court-imposed deadlines. *See Alexander v. English*, case no. 22-cv-178-jdp, Dkt. 96.

4

III cancer that he did not in fact have. Alexander made no attempt to fix the misleading implication by amending his complaint or otherwise notifying the court about the PET scan.

The circumstances also suggest that Alexander's failure to disclose was an intentional decision to bolster his motion for a preliminary injunction. When Alexander moved for preliminary relief, he leaned into the misleading implication that he had doctor-diagnosed stage III cancer. Alexander stated multiple times under penalty of perjury that he believed his cancer had returned, that he needed emergency care, and that he was at imminent risk of death. *See, e.g.*, Dkt 34, at 2 and Dkt. 49, at 5. These statements aren't necessarily lies—it's possible that Alexander believed these things even without a diagnosis to support them. But the statements are heavily misleading in light of the complaint's implication that a doctor had diagnosed Alexander with recurrent stage III cancer. Alexander's failure to disclose the truth led the court to set briefing on a preliminary injunction motion that lacked merit from the start, requiring a significant expenditure of resources from both this court and the defendants.

I will give Alexander until August 27, 2026, to show cause why I should not dismiss this case as a sanction for his failure to disclose his July 2025 PET scan results. Alexander should explain specifically why he did not disclose this information to the court.

## ORDER

IT IS ORDERED that:

1. Plaintiff Robert Alexander's motion for a preliminary injunction, Dkt. 34, is DENIED.

5

2. Alexander has until August 27, 2026, to show cause why I should not dismiss this case as a sanction for his failure to disclose his July 2025 PET scan results.

Entered August 6, 2026.

BY THE COURT:

/s/

_____

JAMES D. PETERSON
District Judge
