IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF WISCONSIN

ROBERT EARL ALEXANDER,

Plaintiff,

v.

MCKALA NITZKE and PATRICK MURPHY,

Defendants.

OPINION and ORDER

25-cv-574-jdp

Plaintiff Robert Alexander, proceeding without counsel, is a prisoner at Dodge Correctional Institution. Alexander alleges that in May 2025, while he was incarcerated at Oshkosh Correctional Institution, defendants prevented him from receiving a PET scan that had been recommended by his oncologist after preliminary screening suggested that his stage III throat cancer had returned. Dkt. 23.

In August, I ordered Alexander to show cause why I should not dismiss this case as a sanction for misleading statements that Alexander made to this court. Dkt. 60. Specifically, Alexander had a PET scan in July 2025, about a week after he filed this lawsuit, which revealed that his cancer had not returned. But Alexander did not disclose that information to the court. Instead, he continued to imply in subsequent filings that he had doctor-diagnosed stage III cancer, and he relied on that misleading implication to request a preliminary injunction in June 2026. *See* Dkt. 34. In the show-cause order, I told Alexander to "explain specifically" why he did not disclose to the court that he did not have cancer in July 2025. Dkt 60, at 5.

Alexander's response to the show-cause order, Dkt. 61, is difficult to understand. Most of it consists of irrelevant complaints about prison staff's handling of Alexander's legal materials and prison staff's refusal to give Alexander reading glasses. His only relevant explanation

appears to be that he was not given a copy of the July 2025 PET scan results until 2026, when defendants' counsel gave him copies of his medical records during briefing on the preliminary injunction motion in this lawsuit.

This is not an adequate explanation. Even if Alexander did not receive a physical copy of the PET scan results until 2026, his medical records show that his doctor, Bradley Heraly, reviewed the PET scan results with him during a video visit on July 15, 2025. Dkt. 59-1, at 12. Alexander says the following about that visit in his response:

> It is very important to note here that sometime maybe on July 15, 2025, plaintiff's social worker from the OSCI LTC unit down the hall maybe a 100 feet from the RHU cell plaintiff was housed in entered plaintiff's housed cell with a laptop type computer which may have been the video recording of MD Heraly Bradley C. who was seen on the video footage that plaintiff social worker Ms. Shyann N. Sheppard Faust showed plaintiff.

Dkt. 61, at 4. It's not clear what Alexander is saying about the video visit here. But critically, Alexander does *not* say that he did not attend the video visit or that he did not understand the PET scan results that the doctor shared with him.

I find that Alexander knew on July 15, 2025, that his cancer had not returned and deliberately misled the court in subsequent filings by implying that he had doctor-diagnosed cancer that he did not have. I will dismiss this case with prejudice under my inherent authority to sanction a party who has "willfully abused the judicial process or otherwise conducted litigation in bad faith." *Fuery v. City of Chicago*, 900 F.3d 450, 463 (7th Cir. 2018).

One final point. At the end of his response to the show-cause order, Alexander says that he has not received updated cancer screening in more than a year and that he "still believes his life is in imminent danger." Dkt. 61, at 5. As I told Alexander in my last order, I cannot address

unrelated issues about his current medical care in this lawsuit. *See* Dkt. 60, at 3. If Alexander wants to pursue claims based on his current medical care, he will have to file a new lawsuit.

ORDER

IT IS ORDERED that this case is DISMISSED with prejudice as a sanction. The clerk of court is directed to enter judgment and close this case.

Entered October 16, 2026.

BY THE COURT:

/s/

JAMES D. PETERSON
District Judge